IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. W-19-CR-196(1)-ADA |
| § | |
| ANTHONY ONEAL COULTER § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I. PROCEDURAL BACKGROUND

On January 16, 2020, the Court sentenced the defendant for violating Title 18 U.S.C. §§ 922(g)(1) & 924(a)(2)—Possession of a Firearm by a Convicted Felon. The Court sentenced the defendant to fifty-one months imprisonment, to be followed by three years of supervised release; a $100.00 special assessment, a $100.00 fine; and special conditions ordered.

1

On August 20, 2024, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his supervision and seeking a show-cause hearing as to why the defendant's supervision should not be revoked. On August 29, 2024, the Court continued the Defendant on supervision.

On September 23, 2024, the United States Probation Office filed another Petition for Warrant or Summons for Offender Under Supervision, alleging new violations. The petition alleges the defendant violated the terms of his supervision in the following instances:

> **Violation Number 1:** The defendant violated his special condition, in that on or about September 4, 5, and 6, 2024, he failed to follow the rules of the Location Monitoring Program.
>
> **Violation Number 2:** The defendant violated standard condition number 13, in that on or about September 9, 10, 11, 12, 13, 16, 17, 18, and 20, 2024, he failed to answer truthfully questions asked by the probation officer.
>
> **Factual Basis:** Mr. Coulter was approved by the probation officer to leave his residence on the dates noted above to complete community service hours, which he owes due to a local ticket, at a local non-profit organization catty-corner across the street from the motel where he resides. The probation officer noted on GPS mapping that Mr. Coulter spends more time outside of the non-profit facility and across the streets, and very little time inside the facility. The probation officer spoke to the non-profit's community service point of contact on September 17, 2024, who stated Mr. Coulter had not been there to complete hours since "several weeks ago." He further noted that any work usually occurs inside of the facility, with outdoor work being a rarer occasion. The person that Mr. Coulter says he "checks in with" at the non-profit is a family member and is not authorized to sign off on any work.

## II.   FINDINGS OF THE COURT

At the hearing, Defendant pleaded true to Violation Number 1, and not true to Violation Number 2. The government presented evidence that would support a finding of true, by a preponderance of the evidence, as to Violations 1 and 2. Specifically, U.S. Probation Officer Ashley Krejci-Lee offered testimony that comported with the allegations contained in the Petition.

1.  The defendant violated the conditions of his supervision as alleged in the petition.

2.  The defendant was competent to make the decision to enter a plea to the allegations.

3.  The defendant had both a factual and rational understanding of the proceedings against him.

4.  The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5.  The defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6.  The defendant was sane and mentally competent to stand trial for these proceedings.

7.  The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8.  The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9.  The defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10. The defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. The defendant freely, intelligently, and voluntarily entered his plea to the allegations.

12. The defendant understood his statutory and constitutional rights and desired to waive them.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's supervised release be revoked and that he be remanded to the custody of the U.S. Marshal for one year and one day, with no supervised release to follow. He should receive credit for time served since his arrest on September 30, 2024.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 23rd day of October 2024.

JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE